J-S12044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRE J. BEY | : | |
| | : | |
| Appellant | : | No. 1580 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005948-2016

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              **FILED MAY 19, 2020**

Appellant, Tyre J. Bey, appeals from the judgment of sentence of 11 to 23 years' incarceration, imposed for his convictions for attempted murder, aggravated assault, simple assault, and terroristic threats.[1]   For the reasons set forth below, we affirm.

This case arises out of an assault by Appellant on his wife, Aisha Bey (Victim), on September 8, 2016, in which he repeatedly punched and choked her.  Trial Court Opinion at 1-2, 8-9.  The case was tried to a jury on April 12 and 13, 2018.  At trial, the Commonwealth called two witnesses, Victim and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901 (18 Pa.C.S. § 2502(a)), 2702(a)(1), 2701(a)(1), and 2706(a)(1), respectively.

physician who treated her for her injuries. Appellant testified and was the sole defense witness.

Victim testified that she and Appellant moved in together in 2004 and married in 2008. N.T. Trial, 4/12/18, at 164, 171. Victim testified that on multiple occasions between 2004 and 2016 Appellant beat and punched her and that after the third assault, she began to try to end the marriage. *Id.* at 176-79, 183-86, 194-200, 203-04.[2] She testified that Appellant ultimately agreed to leave the house and that Victim and their children could stay there and that he left the house in approximately late August 2016, but came back to the house in the early morning hours of September 8, 2016, after Victim had told him that she was going to see a divorce lawyer. *Id.* at 200-08; N.T. Trial, 4/13/18, at 5, 66. Victim testified that Appellant urged her not to divorce him and that when she yelled back at him during this discussion, Appellant began punching and kicking her. N.T. Trial, 4/12/18, at 208-10, 213-15; N.T. Trial, 4/13/18, at 6-8. Victim testified that Appellant then straddled her and began choking her and continued punching her in the face, saying "Bitch, you going to die tonight. This what you want? This how you want me to be? This what you want? You going to fucking die tonight." N.T.

---

[2] The Commonwealth provided notice four months before trial of its intent to introduce evidence at trial of Appellant's past violent physical abuse of Victim in accordance with P.R.E. 404(b)(3). 12/11/17 Commonwealth Notice. Appellant's trial counsel did not object to this testimony and conceded that it was admissible. *See* N.T., Pretrial Conference, 3/12/18, at 24-25.

Trial, 4/12/18, at 215-16; N.T. Trial, 4/13/18, at 8-12. Victim testified that she became dizzy and had trouble breathing, but was able to bite Appellant's finger and that Appellant then stopped attacking her and she was able to drive herself to the hospital. N.T. Trial, 4/13/18, at 9-14. Victim was able to turn her cell phone on record before Appellant began punching and choking her in the September 8, 2016 assault and that recording was played at trial. N.T. Trial, 4/13/18, at 5-6, 20-32.

In response to a question on direct examination concerning the beginning of her relationship with Appellant before any of the assaults, Victim testified that "it was kind of shaky because he had a lot of things going on. His mom was dying at the time. He had just gotten out of prison." N.T. Trial, 4/12/18, at 168. Appellant's trial counsel objected and the trial court stated that it did not hear any reference to prison and overruled the objection, but instructed the Commonwealth to move the case along and instructed Victim to listen to the question asked before answering. *Id.* at 168-70. Appellant's counsel did not request any further instruction or action by the trial court. *Id.*

In her testimony concerning the history of Appellant beating her up, Victim testified, with respect to the third assault that caused her to decide to end the marriage, that Appellant liked "anal penetration" and had "sodomize[d]" her on an anniversary trip, and that he hit her when she confronted him about it. N.T. Trial, 4/12/18, at 192, 194. Appellant's trial counsel objected to the mention of anal sex as irrelevant. *Id.* at 192-93. The

- 3 -

trial court overruled the objection and Appellant's counsel did not request any limiting or cautionary instruction. *Id.* at 194.

The physician who treated Victim at the hospital testified that Victim had a large contusion on the left side of her face consistent with being struck in the face, that a tooth was knocked out, and that her neck showed redness consistent with being choked or strangled. N.T. Trial, 4/13/18, at 104-10, 113, 119-23.

Appellant testified that Victim physically attacked him in the earlier incidents and that he put his hands on her in self-defense. N.T. Trial, 4/13/18, at 150-51, 164. Appellant testified that he and Victim had talked about divorcing, but that he did not agree that Victim could keep the house and that the argument in the early morning hours of September 8, 2016 was about who would have the house. *Id.* at 172-80, 189. Appellant claimed that Victim pulled a knife on him, that he put his arm on her neck trying to get the knife away, and that he began punching her after she cut him and bit his finger. *Id.* at 191-92. Appellant's trial counsel specifically advised the court, however, that he did not request the court give a charge on self-defense. *Id.* at 247.

Because he testified, the fact that Appellant was convicted of robbery in 1996 was admitted to impeach his credibility and Appellant testified that he was convicted of that offense. N.T. Trial, 4/13/18, at 132-33, 200-01, 248.

The trial court instructed the jury that it could consider Appellant's prior criminal conviction only in evaluating his credibility.  *Id.* at 278.

On April 13, 2018, the jury convicted Appellant of attempted murder, aggravated assault, simple assault, and terroristic threats.  On June 4, 2018, the trial court sentenced Appellant to 10 to 20 years' incarceration for the attempted murder conviction and imposed a consecutive sentence of 1 to 3 years for the terroristic threats conviction, resulting in an aggregate sentence of 11 to 23 years' incarceration.  The trial court imposed no sentence for the aggravated assault and simple assault convictions because they merged with the attempted murder conviction.  Appellant did not file a timely direct appeal, but filed a petition pursuant to the Post Conviction Relief Act (PCRA)[3] on February 12, 2019, seeking reinstatement of his appeal rights.  By order entered on April 29, 2019, the trial court granted that PCRA petition and reinstated Appellant's right to file a direct appeal.  This timely appeal followed.

Appellant presents the following issues for our review in this appeal:

I) Whether the trial court erred when it overruled Appellant's objection to the complainant's testimony about him having previously been incarcerated since that testimony was not responsive or relevant, and where its probative value was outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury?

II) Whether the trial court erred when it overruled Appellant's objection and permitted the complainant to testify that Appellant liked anal penetration and that he sodomized her since that testimony was not relevant, and where its probative value was

---

[3] 42 Pa.C.S. §§ 9541–9546.

outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury?

III) Whether Appellant suffered prejudice as a result of the trial court's errors since there is at least a reasonable possibility each error could have contributed to the guilty verdicts?

Appellant's Brief at 4.

Our review on these issues is limited to determining whether the trial court abused its discretion. *Commonwealth v. Poplawski*, 130 A.3d 697, 716 (Pa. 2015); *Commonwealth v. Gad*, 190 A.3d 600, 603 (Pa. Super. 2018);

> [T]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Gad*, 190 A.3d at 603 (quoting *Commonwealth v. Woodard*, 129 A.3d 480 (Pa. 2015)). An abuse of discretion cannot be found merely because the appellate court might have reached a different conclusion. *Poplawski*, 130 A.3d at 716; *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007).

Neither of the rulings here constitute grounds for reversal. With respect to Appellant's first issue, the reference to Appellant's imprisonment consisted of a single, brief mention by Victim in response to a question by the Commonwealth that did not seek information concerning Appellant's criminal history or prior imprisonment. A mere, isolated, passing reference by a

witness to the defendant's prior imprisonment or criminal history that is not intentionally elicited by the Commonwealth and is not in violation of a court order in the case does not require a mistrial or new trial. ***Commonwealth v. Blystone***, 725 A.2d 1197, 1204–05 (Pa. 1999); ***Commonwealth v. Kerrigan***, 920 A.2d 190, 199-200 (Pa. Super. 2007); ***Commonwealth v. Guilford***, 861 A.2d 365, 370-71 (Pa. Super. 2004). The case on which Appellant relies, ***Commonwealth v. Padilla***, 923 A.2d 1189 (Pa. Super. 2007), is completely distinguishable from the situation here. In ***Padilla*** a court order had been entered barring any testimony concerning the defendant's prior incarceration and this Court recognized that ordinarily the reference to prior imprisonment would not require reversal, but that a mistrial was required because of the violation of the court order. ***Id.*** at 1192, 1995-96. Here, there was no pre-trial order concerning Appellant's prior imprisonment and no violation of any court order by the Commonwealth or any witness.

To the extent that Appellant contends that the trial court erred in failing to instruct the jury to disregard Victim's remark concerning his imprisonment, that argument is waived. The trial court did not hold that the statement was admissible, rather it overruled the objection because it erroneously believed that the statement had not occurred. N.T. Trial, 4/12/18, at 168-70. Although Appellant's trial counsel objected immediately, he neither requested that the testimony be read back at side bar nor requested any relief, such as striking

the testimony or instructing the jury to disregard it. Instead, after the trial court at side bar instructed the Commonwealth to move the testimony along, Appellant's trial counsel was satisfied with that action, stating, "That's why I objected and called sidebar," and sought no further action by the trial court. *Id.* at 169-70. An objection to an improper statement without any request for a remedy is insufficient to preserve the issue for appellate review. *Commonwealth v. Sandusky*, 77 A.3d 663, 670 (Pa. Super. 2013).

In any event, any error with respect to Victim's reference to Appellant's prior imprisonment was harmless. An error is harmless and does not constitute grounds for reversal if it could not have contributed to the verdict. *Poplawski*, 130 A.3d at 716; *Commonwealth v. Radecki*, 180 A.3d 441, 461 (Pa. Super. 2018). Erroneous admission of evidence that is merely cumulative of other, admissible evidence that is before the jury is harmless error. *Poplawski*, 130 A.3d at 716; *Radecki*, 180 A.3d at 461. Here, as a result of his decision to testify to his version of the events on September 8, 2016, Appellant's prior conviction for robbery was properly introduced in evidence. The jury therefore knew that Appellant was convicted of a serious crime and the reference to his imprisonment gave them no additional information that he had prior criminal history.

With respect to Appellant's second issue, we conclude that the trial court did not abuse its discretion in permitting Victim to briefly reference anal sex as the reason for her confrontation with Appellant that led to one of the

assaults that Appellant inflicted on her. Under the *res gestae* exception, evidence of other acts by the defendant may be admissible to tell the complete story of the events relevant to the crime. ***Commonwealth v. Hairston***, 84 A.3d 657, 665 (Pa. 2014); ***Commonwealth v. Lark***, 543 A.2d 491, 497 (Pa. 1988); ***Gad***, 190 A.3d at 603; ***Commonwealth v. Hicks***, 151 A.3d 216, 226 (Pa. Super. 2016). "The trial court is not 'required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.'" ***Hairston***, 84 A.3d at 666 (quoting ***Lark***). This brief testimony was part of the complete story of the events that led to Appellant's September 8, 2016 assault as the explanation of the argument that was the precipitating event of the third assault that caused Victim to decide to end the marriage, which in turn led to the September 8, 2016 assault.

Moreover, any error in the admission of this limited testimony was harmless. Even if erroneously admitted evidence is not duplicative of other evidence properly before the jury, the error is harmless where any prejudice to the defendant from the evidence was *de minimis* or where the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the evidence was so insignificant by comparison that the error could not have contributed to the verdict. ***Poplawski***, 130 A.3d at 716-17 (any error in admission of racial slurs used by defendant was harmless

where evidence that defendant committed the murders was overwhelming and essentially undisputed).

Here, the fact that Appellant beat Victim up on September 8, 2016 and the injuries that she suffered were essentially undisputed. While Appellant disputed that he intended to kill Victim and gave a different version of how the assault occurred, Victim's testimony concerning the assault and Appellant's statements that he would kill her were corroborated by the cell phone audio recording. In addition, none of the charges against Appellant involved sexual offenses and it was undisputed that no sexual act was involved in the September 8, 2016 assault. There was no further mention of anal sex or sodomy by the Commonwealth or its witnesses at trial and the Commonwealth made no reference to this testimony in its closing. While the jury asked several questions during its deliberations and at one point indicated a lack of unanimity on one charge, its questions all related to the specific charges against Appellant and their elements and the only evidence that the jury asked to hear, which it requested after its note concerning non-unanimity, was the cell phone audio recording of the assault. N.T. Trial, 4/13/18, at 294-300; Jury Questions 1-4. Given these facts, any possible prejudice to Appellant was *de minimis* or so insignificant that it could not have contributed to the verdict.

Because we conclude that Appellant has not shown any abuse of discretion by the trial court, his third argument of cumulative error necessarily

fails. "[N]o number of failed claims may collectively warrant relief if they fail to do so individually." ***Commonwealth v. Sherwood***, 982 A.2d 483, 507 (Pa. 2009) (quoting ***Commonwealth v. Washington***, 927 A.2d 586 (Pa. 2007)).

For the foregoing reasons, we conclude that the trial court did not abuse its discretion or commit any reversible error in the rulings challenged by Appellant. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2020